LOMBARD, J.,
concurs with additional reasons.
| iln 1974, the defendant pleaded guilty to two counts of aggravated rape and one count of armed robbery and was sentenced to serve 10 years at hard labor for armed robbery and, to be served consecutively, concurrent life terms on each count of aggravated rape.[1] Although without hope ever leaving prison, the defendant reportedly rehabilitated and became a model prisoner.
In February 2011, pursuant to Graham v. Florida, 560 U.S. -, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), the trial court *410 granted the defendant’s motion to correct an illegal sentence, finding that the clear import of the trial court’s original sentence was to insure that the defendant, a juvenile at the time of the offenses, never had a possibility of leaving prison, a clear violation of the Eighth Amendment. Graham, 130 S.Ct. at 2030 (Eighth Amendment “forbid[s] States from making the judgment at the outset that those offenders never will be fit to reenter society.”). Based on | gthis finding, the focus of the sentencing hearing was to craft a sentence for the defendant that complied with Graham. Although defense counsel argued that his client should be resentenced to a specific term (thereby making him eligible for immediate release), the trial judge made clear that such a determination was in the purview of the Board of Parole:
Again, I want Mr. Mason to be eligible to go before the parole board right now; immediately. Because I think this is a function of what they’re doing and what remedy that the Supreme Court wants. For parole boards, who are designed, not sentencing judges, parole boards who are designed to see all the things that you have originally raised; how Mr. Mason has changed his life, the things he has done to better his lot upon life, and his determination of whether or not he will be a productive citizen and can conform to the requirements of society if released on parole. They have the ability to do that. That’s what they’re designed to do. That’s not what I’m designed to do. So I want to put Mr. Mason immediately before them for them to make that determination, and I want to do a sentence that does that.
[[Image here]]
I’m going to sentence him so that I’m ordering the Parole Board to have a hearing immediately because that’s what I think the Supreme Court says, and if they deny him the right then, I think you have an immediate application to the Supreme Court of Louisiana of that denial, because I think that is implicitly, anything that prevents him from having the ability to have a parole hearing immediately, I think is in violation of the Supreme Court....
[District Attorney agrees with trial court’s assessment]
[[Image here]]
Again, I firmly do not believe that I should be an activist Judge. We shouldn’t do those things. I should follow the law that is out there in front. The law as I see it says that I should sentence Mr. Mason to two concurrent life sentence with benefit of parole, as the status of the law at the time, and that he should be eligible for a parole hearing immediately, and that’s the sentence I would impose.
* ⅜ ⅝
I think, implicitly, to the extent that the Parole Board does not grant or cannot grant a hearing to [ ] life — they can make a determination of what percentage of life, what that determination is, and I would say the direct to that is that at the time parole was considered under a twenty year life sentence or as the only other sentence available other than this would be a maximum of 20 years, that I would direct that that 20 year term, serving the appropriate portion of that 20 year term would be the term of years which they could apply for.
J£ * *
... For the record, I would sentence Mr. Mason. I believe that I am required by the holding of the Supreme court to sentence you to two concurrent terms of life, but that life is specifically with the benefit of parole, which is the only portion of the statute that was de- *411 dared to be unconstitutional as applied to juveniles at the time of commission of the offense, I sentence you to life with the Department of Corrections, with the ability to seek parole as required by the Supreme Court.
[[Image here]]
Mr. Mason, good luck [to] you. I think you should be in front of the parole board and I think the parole board should take into account all the things you have done to better your life and that’s their kind of determination....
In light of State v. Shaffer, 2011-1756 (La.11/23/2011), 77 So.2d 939, handed down after the resentencing hearing, the trial court’s focus on the defendant’s parole eligibility appears prescient.
As a pragmatic matter, the defendant’s motion to correct an illegal sentence was granted in February 2011, more than a year ago, and he has already served more than thirty-eight years in prison. According to Shaffer, inmates serving life terms for non-homicide offenses committed before their 18th birthday are parole eligible and have eligibility for parole consideration “once they reach the age of 45 years and have served 20 years of their sentences in actual custody.” Shaffer, 77 So.3d at 942. The defendant in this case completed his ten 10 year sentence in 1984, an additional 20 years in 2004, and is over 45 years old. Clearly, as both this court and the trial court find, he is immediately eligible to go before the Parole Board. The determination of whether the defendant has achieved the “maturity of judgment and self-recognition of human worth and potential” Graham, 130 S.Ct. at 2032, such that his release is in “the best interest of society,” La.Rev.Stat. 15:574.4.1(B) is firmly within the purview of the Board of Parole, but this court |4and the district court are in firm agreement that he should be afforded the opportunity “to demonstrate that the bad acts he committed as a teenager are not representative of his true character,” Graham, 130 S.Ct. at 2033, without further delay.

. Because the defendant was sentenced first on the armed robbery to a fixed term and then to the life sentences before it was announced that these sentences would run consecutively, we find (as did the trial court implicitly) that the life sentences were to be served consecutively to the fixed term sentence. Clearly, the reverse order (a 10 year sentence imposed consecutive to a life sentence without possibility of parole)- would be, in effect, a sentence to be served by a corpse — an absurdly excessive (and unconstitutionally excessive) sentence even in 1974.